ConcocK, J.
This was an action brought by Sarah English against William Nixon on a note, made by the defendant to the plaintiff, dated 20th June 1821, for fifteen hundred dollars. To this the defendant pleaded in discount a note given by the plaintiff to her son. Jame.s English or bearer, for six hundred and forty three dollars and eleven cents, dated 1st November, 1S20. "Shis note it is admitted was passed after due, by JamcsEn rlish to his brother Joshua, and •by him to the defendant, by delivery, there being no endorsement on the note. To this discount the plaintiff replied anote of Joshua English’s in her hands given to her by the said Joshua for six hundred dollars, which she contended ought to be set off against her note, and that this had been agreed on between her and her sons James and Joshua. The evidence? of James English shews that Joshua bought the note of theii' mother, from him, as hfe Joshua alleged, for the express purpose of paying, or discounting it with his mother, but that instead of doing so, he passed it to the defendant in this action. On the former hearing of this case, I well recollect that it was Urged that this must have been known to the defendant. But as *551 the case now comes up it is admit»ed that he had no knowledge of the fact; and if so, it is clear, that the note of Joshua English in the hands of the plaintiff cannot be set off against her note in the defendant’s hands.
The note of the plaintiff having been past after it was due, it passed of course subject to all the equities which subsisted between the original parties; that is, the plaintiff and her son James. And if the note, she now offers, had been James’ note, instead of Joshua’s, she would have had an undoubted right to plead it in discount. But it would be destructive of all commercial paper to say that a note payable to bearer should carry along with it all the equities which might subsist between the maker and any or every distinct holder of it. For this would necessarily impose on all who receive such notes, the necessity of going back to all who may have held it to ascertain if there were any dealings between them and the maker, which at a future time might be pleaded in discount.
1 think it is clear that the unfortunate plaintiff has been imposed on by her son, but as the defendant had no share in the fraud, he cannot be made to sustain any of the consequence of it. She must look to her son Joshua on his note.
The motion is granted.
R. Bullaniand Holmes for the motion.
C. Levy contra.